# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO SANCHEZ MONTES, | 1:11-CV-00963 LJO GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MICHAEL L. BENOV, Warden, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND[1]

Petitioner filed the instant habeas petition in this Court on June 13, 2011.  He is currently incarcerated at the Taft Correctional Institution in Taft, California. He challenges an unstated sentence from an unidentified United States District Court.  He claims a ten-year sentence enhancement was wrongfully imposed by the sentencing court pursuant to the Supreme Court decision in Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S.Ct. 2577 (2010).

Petitioner states he has already appealed his conviction and filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal

---

[1] This information was derived from the petition for writ of habeas corpus.

1

conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), cert. denied, 549 U.S. 1313 (2007); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

As Petitioner acknowledges, an exception exists by which a federal prisoner may seek relief under § 2241 *if* he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 59 (9th Cir.) (as amended), cert. denied, 540 U.S. 1051 (2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a

2

remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956).

There is little guidance on what constitutes "inadequate and ineffective" in relation to the savings clause. The Ninth Circuit has acknowledged that "[other] circuits, however, have held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot' at presenting this claim ." Ivy, 328 F.3d at 1059-60, citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000)); see also Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

In this case, Petitioner is challenging the validity and constitutionality of his federal sentence imposed by a federal court, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing court, not a habeas petition pursuant to § 2241 in this Court.

Petitioner argues, however, that § 2255 is inadequate and ineffective, because he has already filed a § 2255 motion, and that motion has been denied. Under the AEDPA, a prisoner may not bring a second or successive Section 2255 motion in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir.2008). Petitioner fails to meet either of these requirements. First, newly discovered evidence is not at issue in this case. Second, Petitioner does not cite to

any cases, and the Court has found none, finding that the United States Supreme Court decision in <u>Carachuri-Rosendo v. Holder</u> is a "new rule" of constitutional law that is retroactively applicable. Accordingly, it appears that Petitioner does not qualify to file a successive Section 2255 motion.

Nevertheless, Petitioner's inability to meet the statutory requirements for filing a successive Section 2255 motion does not automatically render the remedy under Section 2255 inadequate or ineffective. <u>See</u> <u>Moore v. Reno</u>, 185 F.3d 1054, 1055 (9th Cir.1999) (concluding that a Section 2255 movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to Section 2241 rather than Section 2255, and that the AEDPA required dismissal of petitioner's successive Section 2255 motion because his claim was based neither on a new rule of constitutional law made retroactive by the Supreme Court nor on new evidence). To the extent Petitioner may argue that his only remedy is to pursue his claim via a habeas petition pursuant to Section 2241 because a panel of the court of appeals would refuse to certify a second or successive motion under Section 2255, Petitioner's argument fails. Section 2241 "is not available under the inadequate-or-ineffective-remedy escape hatch of [Section] 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of [Section] 2255." <u>Lorentsen</u>, 223 F.3d at 953. Further, as previously stated, the remedy under Section 2255 usually will not be deemed inadequate or ineffective merely because a previous Section 2255 motion was denied, or because a remedy under that section is procedurally barred. <u>Id</u>. at 953 (stating that the general rule in the Ninth Circuit is that "the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective' "); <u>see also</u> <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077 (9th Cir.2001) (procedural limits on filing second or successive Section 2255 motion may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651); <u>Moore</u>, 185 F.3d at 1055 (rejecting petitioner's argument that Section 2255 remedy was ineffective because he was denied permission to file a successive Section 2255 motion, and stating that dismissal of a subsequent Section 2255 motion does not render federal habeas relief an ineffective or inadequate remedy); <u>Tripati</u>, 843 F.2d at 1162-63.

1    Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings
2 clause of Section 2255 because Petitioner's claims are not proper claims of "actual innocence." In
3 the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is
4 tested by the standard articulated by the United States Supreme Court in Bousley v. United
5 States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained
6 that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the
7 evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley,
8 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this
9 issue by a preponderance of the evidence, and he must show not just that the evidence against
10 him was weak, but that it was so weak that "no reasonable juror" would have convicted him.
11 Lorentsen, 223 F.3d at 954.

12    In this case, Petitioner does not assert that he is factually innocent of the crime for which
13 he was convicted. Rather, he claims that, for sentencing purposes, he does not have the requisite
14 qualifying prior conviction and, thus, he has been wrongfully sentenced with a ten-year
15 enhancement.  Under the savings clause, however, Petitioner must demonstrate that he is
16 factually innocent of the crime for which he has been convicted, not the sentence imposed. See
17 Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241,
18 petitioner must allege that he is "'actually innocent' of the crime of conviction"); Edwards v.
19 Daniels, 2006 U.S. Dist. LEXIS 94750, at *7, 2006 WL 3877525 (D.Or.2006) ("Petitioner's
20 assertion that he is actually innocent of a portion of his sentence does not qualify him for the
21 'escape hatch' of § 2255 because he must allege that he is 'legally innocent of the crime for
22 which he has been convicted,' not the sentence imposed."), adopted by Edwards v. Daniels, 2007
23 U.S. Dist. LEXIS 12356, 2007 WL 608115 (D.Or.2007). Therefore, the instant § 2241 petition
24 does not fit within the exception to the general bar against using Section 2241 to collaterally
25 attack a conviction or sentence imposed by a federal court. See Lorentsen, 223 F.3d at 954
26 (declining to decide whether federal prisoners who are actually innocent may resort to Section
27 2241 when relief is not available under Section 2255 because the petitioner had not shown actual
28 innocence); see also Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied

the requirement of not having had an "unobstructed procedural shot" at presenting his instructional error claim under Richardson v. United States, 526 U.S. 813, 119 (1999) because the claim did not become available until Richardson was decided eight years after his first Section 2255 motion had been denied and the claim did not satisfy the requirements for a second or successive Section 2255 motion, petitioner could not satisfy the actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of Section 2255); Harrison, 519 F.3d at 959 ("[A] motion meets the escape hatch criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'").

      Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

## RECOMMENDATION

      Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as the petition alleges grounds not cognizable in a petition filed pursuant to 28 U.S.C. § 2241.

      This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after date of service of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

      IT IS SO ORDERED.

      Dated: **June 22, 2011**            **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE